**Jose A. MARTINEZ–VELEZ, Plaintiff,**

v.

**Jose A. SIMONET, Herbert R. Gomez, Walter R. Colon–Lilley, Jose D. Rivera–Anaya, Defendants.**

**Civ. No. 86–0701CC.**

United States District Court, D. Puerto Rico.

Dec. 20, 1989.

Víctor E. Báez, José A. Gallart, Hato Rey, P.R., for plaintiff.

Oscar González–Badillo, Hato Rey, P.R., for defendants.

## OPINION AND ORDER

CEREZO, District Judge.

This is an action brought pursuant to 42 U.S.C. § 1983 in which plaintiff José A. Martínez–Vélez alleges the deprivation of his property without due process of law in violation of the Fourteenth Amendment to the United States Constitution. Defendants, José A. Simonet, Herbert R. Gómez, José D. Rivera–Anaya and Walter R. Colón–Lilley, are four former members of the Board of Examiners of Veterinary Medicine of Puerto Rico. Before us are defendants' Motion Requesting Summary Judgment (docket entry 50) and plaintiff's opposition and cross motion for partial summary judgment (docket entry 55). Because both parties agree that there are no genuine issues of material fact which preclude the granting of summary judgment, this case is ripe for adjudication under Rule 56, Federal Rules of Civil Procedure.

The undisputed facts of this litigation are as follows. Plaintiff is a doctor in veterinary medicine and a resident of San Juan, Puerto Rico. In 1985, after graduating from the Tuskegee Institute in Alabama, an accredited school of veterinary medicine, plaintiff applied before and was admitted by the Board of Examiners of Veterinary Medicine of Puerto Rico to take the local license examination. While waiting to undergo said examination, plaintiff also applied to the Board for a provisional license to practice veterinary medicine in the Commonwealth, which was issued on June 6, 1985. Under Puerto Rico law, provisional licensees are required to act under the supervision of a licensed veterinarian, or to work with the Commonwealth, 20 L.P.R.A. § 2961. Accordingly, plaintiff informed the Board in his application for the provisional license that he was going to work under the supervision of Dr. José A. Díaz–Umpierre, a licensed veterinarian. However, he instead took a part-time job under the supervision of Dr. Carlos Muratti, who was also a licensed veterinarian. He did not notify the Board of the change in his employer.

During the three-day period of August 5–7, 1985, plaintiff took the revalidation examination administered by the Board. On September 18, 1985, Dr. Miguel A. Borri–Díaz, another licensed veterinarian, executed a sworn statement later submitted to the Board. In it, he stated that on two

different occasions during the preceding month unidentified third parties had informed him that the veterinarian "on call" at Dr. Muratti's veterinary clinic had been the plaintiff. Based on the information provided in this sworn statement, the Board decided to initiate administrative proceedings against plaintiff, charging him with violation of the conditions of his temporary license, and also of having illegally practiced the profession of veterinary medicine in Puerto Rico. The charges were officially notified in a letter dated September 26, 1985. On October 1, 1985, the Board received and made public the results of the examination held during the month of August. However, in compliance with a motion presented by defendant Dr. Simonet and approved by the entire Board, official notification of the results of plaintiff's examination was withheld until the administrative proceedings commenced against him were concluded.

The administrative hearing on the charges, originally scheduled for October 24, 1985, was finally held on February 20, 1986 after being twice postponed by request of plaintiff's attorneys. On that same date, plaintiff was unofficially notified for the first time of his examination scores. On March 6, 1986, the examining officer who conducted the hearing rendered her report and recommendation to the Board, concluding that the charges against plaintiff should be dismissed. Apparently because of the Board's inaction, plaintiff then filed this complaint for damages and injunctive relief on May 7, 1986 against the Board and its five members,[1] alleging in brief that his license to practice veterinary medicine had been "arbitrarily withheld under color of state law," in what amounted to a "deprivation of [his] constitutionally protected property rights." Shortly thereafter, on May 27, 1986, the Board decided to adopt the recommendations of the examining officer and dismissed the charges against plaintiff. He was then officially notified of his examination scores. On June 2, 1986, the Commonwealth's Depart-

ment of Health informed plaintiff that he had been excused from complying with the requirement of one year of public service, as exacted by law, 20 L.P.R.A. § 71. The Board then issued plaintiff a permanent license for the practice of veterinary medicine on June 12, 1986.

Because this is an action brought under 42 U.S.C. § 1983, an initial determination must be made whether the facts alleged by plaintiff and undisputed by defendants are sufficient to confer jurisdiction to this Court under that statute. As stated by the Supreme Court,

> in any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges or immunities secured by the constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981). The Court has further explained that this second requisite, in cases such as the present in which a due process violation is averred, compels plaintiffs to allege that they were deprived of a constitutionally protected property interest because of defendants' actions, and that the deprivation occurred without due process of law. *Id.* at 536–37, 101 S.Ct. at 1913. We now consider whether these "essential elements" are present in this action allowing it to be cognizable under § 1983.

■ With regard to whether it was properly established that defendants acted under color of state law, the facts admitted by both parties lead us to conclude that this was the case. As plaintiff alleged that the constitutional violation for which he now claims relief occurred while defendants were members of the Board of Examiners of Veterinary Medicine of Puerto Rico, in the exercise of what they considered were their duties as established under Puerto Rico's law, he has succeeded in establishing the first element of every

---

1. Plaintiff later moved for voluntary dismissal of his complaint against the Board; and the action against Aníbal González–Turull, the fifth original defendant, was dismissed by the Court for lack of prosecution.

§ 1983 action. A harder question, however, is whether plaintiff properly alleged that he was deprived of a constitutionally protected property interest without due process of law as a result of defendants' actions. To determine this, we must first decide whether the interest claimed by plaintiff is in fact a property interest subject to the protection of the Fourteenth Amendment.

It is now generally recognized that property interests, although protected by the Constitution, are created by state law. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972); *Bishop v. Wood*, 426 U.S. 341, 344, n. 7, 96 S.Ct. 2074, 2077, n. 7, 48 L.Ed.2d 684 (1976). Moreover, in order to have a property interest in a government benefit, the party making the claim must show that it has a "legitimate claim of entitlement" to it. *Board of Regents of State Colleges, supra*, at 577, 92 S.Ct. at 2709. Plaintiff, conscious of these established principles of law, has here alleged that the issuance of a license to practice veterinary medicine in Puerto Rico is a form of property constitutionally protected under the Fourteenth Amendment; and that once he complied with all the requirements established by Puerto Rico law to be issued the said license, he was vested with a "legitimate claim of entitlement" to this property interest guaranteeing him against its deprivation without a due process of law. Because, to his understanding, he had fulfilled all the requirements to obtain the license just before the acts subject of this litigation took place, plaintiff states that a constitutional violation to his protected property interest in the license was properly alleged in this action sufficient to confer jurisdiction to the court under § 1983.

Although ordinarily, in resolving this issue, we would be required to decide first whether the issuance of a license to practice veterinary medicine constitutes a constitutionally protected property interest, as claimed by plaintiff, the disposition of this case does not demand that we embark on an extended discussion on that matter. Even assuming, for the sake of argument, that a license constitutes a constitutionally protected property interest, we have found that at the time the acts alleged in the complaint occurred plaintiff had still not acquired a legitimate claim of entitlement to it allowing him to invoke the protection of the Constitution in this action.

Plaintiff has correctly stated in his motion that by the time the acts subject to this litigation took place, he had complied with all the requirements to obtain a license for the practice of veterinary medicine established in the Act to Regulate the Practice of Veterinary Medicine in Puerto Rico, 20 L.P.R.A. § 2951, *et seq.* However, it must be noted that an additional requisite has been established by the Legislature of Puerto Rico, in a separate act, 20 L.P.R.A. § 71, to be fulfilled before a license can be issued for the practice of any health related profession in the Commonwealth: the service for a period of one year at public health facilities in the Island. When the events that lead to this action took place, plaintiff had still not served his one year in public service nor had he been exempted from that service. We, therefore, conclude that he could not reasonably allege having obtained a legitimate claim of entitlement to be issued a license at that time.

Accordingly, we hold that under the circumstances of this case, plaintiff has failed to show that he has a property interest which is entitled to constitutional protection, and, therefore, no constitutional violation was properly alleged. Absent the allegation of a constitutional violation, no cognizable claim has been stated under 42 U.S.C. § 1983. As the lack of a cognizable claim under 42 U.S.C. § 1983 is dispositive, summary judgment must be entered in this action in favor of defendants and against plaintiff.

The Motion for Summary Judgment presented by defendants is hereby GRANTED; the Motion for Summary Judgment presented by plaintiff is hereby DENIED.

SO ORDERED.